UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CLAUDIA HERNANDEZ,

    Plaintiff,

v.                      Case No: 2:15-cv-403-FtM-29CM

BURLINGTON COAT FACTORY OF
FLORIDA, LLC,

    Defendant.

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion to Remand to State Court (Doc. #8) filed on July 31, 2015. Defendant filed a Response (Doc. #13) on August 14, 2015. For the reasons set forth below, the motion is denied.

**I.**

Plaintiff Claudia Hernandez has filed a case in state court in which she claims she slipped and fell in Defendant's Fort Myers, Florida store due to Defendant's negligence. Plaintiff's claim asserts damages in excess of $15,000, the state circuit court jurisdictional amount. Defendant filed a Notice of Removal (Doc. #1) based upon diversity of citizenship and damages in excess of $75,000. In its Motion to Remand, Plaintiff argues that Defendant's Notice of Removal was untimely and that Defendant has

failed to plausibly allege that the amount in controversy exceeded $75,000 at the time of removal.

**A.   Timeliness of Removal**

The procedure for removal of civil actions is governed by 28 U.S.C. § 1446.  If the initial complaint is removable, Section 1446 requires a defendant to file the Notice of Removal within thirty days of its receipt.  28 U.S.C. § 1446(b).  If the initial complaint is not removable, the defendant must file the Notice of Removal within thirty days of receiving the pleading that renders the case removable.  Id.; see also Lowery v. Ala. Power Co., 483 F.3d 1184, 1212-13 (11th Cir. 2007) ("Regardless of the type of case, a defendant must remove within thirty days of receiving the document that provides the basis for removal.").

Here, Plaintiff filed her Complaint in state court on May 19, 2015.  (Doc. #1-1.)  Defendant filed the Notice of Removal (Doc. #1) on July 1, 2015, more than thirty days later.  Defendant argues that the Complaint was not removable at the time it was filed because Defendant did not yet possess knowledge of Plaintiff's citizenship.  According to Defendants, they first became aware of Plaintiff's citizenship (and therefore the existence of diversity jurisdiction) when Plaintiff responded to Defendant's interrogatory on June 25, 2015.  Defendants contend that the thirty-day removal period provided by 28 U.S.C. § 1446 did not

begin to run until that date. The Court agrees. While Plaintiff correctly notes that the Complaint alleges that she is a Florida *resident*, residency is not the same as citizenship. Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1268 (11th Cir. 2013) ("For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient.") (quoting Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974)). Plaintiff points to no other evidence that Defendants were aware of her *citizenship* prior to her interrogatory response. Defendant filed the Notice of Removal less than a week after the interrogatory response. (Doc. #1.) Therefore, the Notice of Removal is timely under 28 U.S.C. § 1446(b)(3).

**B.   Amount in Controversy**

The parties agree there is complete diversity of citizenship, but disagree as to the amount in controversy. As the party seeking federal jurisdiction, the burden is upon Defendant to establish diversity jurisdiction as of the date of removal. Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc., 330 F.3d 1308, 1310 (11th Cir. 2003); Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).

In 2011, Congress passed the Federal Courts Jurisdiction and Venue Clarification Act (JVCA), which "clarifies the procedure in order when a defendant's assertion of the amount in controversy is challenged." Dart Cherokee Basin Operating Co., LLC v. Owens, 135

S. Ct. 547, 554 (2014). Under the JVCA, where removal is based upon diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). As an exception to this rule, the Notice of Removal may assert the amount in controversy if the initial pleading seeks a money judgment, "but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded" and "the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." Id. §§ 1446(c)(2)(A), (B). A Notice of Removal must plausibly allege the jurisdictional amount, not prove the amount. Dart, 135 S. Ct. at 554.

In this case, the state court complaint has not demanded any particular sum, and Florida practice permits recovery in excess of the amount demanded in the complaint. Therefore, the issue is whether Defendant's Notice of Removal plausibly alleged that the amount in controversy exceeds $75,000. As evidence of the amount in controversy, Defendant cites Plaintiff's pre-suit demand letter in which Plaintiff offered to resolve her claim in full in exchange for $400,000. (Doc. #1-1, pp. 36-38.) In support of the $400,000 demand, the letter states that Plaintiff suffered permanent damage to her right knee, left shoulder, and left foot; that Plaintiff

required surgery as a result of her injuries; and that Plaintiff continues to experience ongoing pain. (Id.) The demand letter further states that Plaintiff's doctor concluded that Plaintiff "had reached maximum medical improvement with a permanent impairment rating of 6% to the body as a whole" as a result of her injuries. (Id.) The demand letter also provided copies of Plaintiff's medical bills totaling approximately $35,000. (Id.)

A settlement offer "commonly reflect[s] puffing and posturing, and . . . is entitled to little weight in measuring the preponderance of the evidence." Kilmer v. Stryker Corp., No. 14-CV-456, 2014 WL 5454385, at *4 (M.D. Fla. Oct. 27, 2014) (quoting Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009)). However, when a settlement offer is supported by documented medical bills and specific medical diagnoses, such information may be sufficient to plausibly allege that the amount in controversy exceeds $75,000. See Scott v. Home Depot U.S.A., Inc., No. 11-CV-62426, 2012 WL 86986, at *3 (S.D. Fla. Jan. 11, 2012) (pre-suit demand of $500,000 was sufficient to establish that amount in controversy exceeded $75,000 where demand was supported by $38,000 in medical bills and a diagnosis of 8% permanent physical impairment).

Here, based upon the extent of Plaintiff's injuries, her surgery, her diagnosis of partial permanent impairment, and

$35,000 in accrued medical expenses, the Court concludes that Defendant has plausibly alleged that the amount in controversy exceeded $75,000 at the time of removal. As a result, Defendant has established the existence of diversity jurisdiction and Plaintiff's motion to remand is denied.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Plaintiff's Motion to Remand to State Court (Doc. #8) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___20th___ day of August, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record